Rachel Blyumkin
LAW OFFICE OF RACHEL BLYUMKIN
Email: rachel@thedebtdefense.com
1001 Wilshire Boulevard, Suite 2236
Los Angeles, California 90017
Tel: 833-952-9669

Attorneys for Plaintiff
Richard Glover

# BEFORE THE UNITED STATES JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE VERCY, L.C.C. TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | **MDL CASE NO.: 3049**<br><br>**PLAINTIFF RICHARD GLOVER'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER AND CONSOLIDATE ACTIONS** |

Plaintiff RICHARD GLOVER ("Plaintiff") hereby submits its opposition to DEFENDANT VERCY, L.L.C's ("Defendant") Motion to Transfer and Consolidate For Pretrial Proceedings, as follows:

## I. INTRODUCTION

Plaintiff is an individual who has brought a proposed Class Action Complaint against Defendant in violations of the Telephone Consumer Protection Act ("TCPA") [47 U.S.C. §227(b) and (c).) In his Complaint, Plaintiff alleges that starting in September of 2021, Plaintiff received multiple calls on his telephone which contained artificial and prerecorded voices which Plaintiff contends were in violation of the TCPA. As a result, on June 13, 2022, Plaintiff filed his Complaint against Defendant for two counts of Defendant's violation of the TCPA. Plaintiff's Complaint seeks to encompass a class of "All Persons within the United States who received any solicitation/telemarking calls from Defendant…" (Compl. ¶21.) On July 11, 2022, Defendant filed its Answer to Plaintiff's Complaint. On August 8, 2022, Defendant filed its Motion to Transfer and Consolidate the Pending Actions.

## II. NOT ALL THE CASES SHARE A COMMON QUESTION OF FACT AND LAW

As Defendant points out in its motion, 28 U.S.C. § 1407 provides for the transfer and consolidation of pending civil actions for pretrial proceedings to Multidistrict Litigation proceedings when (1) there is one or more common questions of fact between civil actions pending in different districts; (2) the transfer will be for the convenience of the parties and witnesses; and, (3) the transfer will promote the just and efficient conduct of the actions to be consolidated. 28 U.S.C.A. § 1407(a). Not all of the applicable cases share all of the same common questions of fact.

While all of the cases appear to focus on certain TCPA claims, at least the case of *Shane Schofield v. Vercy L.L.C.* is different. *Schofield* not only alleges TCPA violations, but also alleges causes of action for failure to maintain written TCPA

1

**PLAINTIFF RICHARD GLOVER'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER AND CONSOLIDATE ACTIONS**

policies and train applicable telemarketing personnel. *Schofield* also alleges a unfair business practices cause of action pursuant to California's Business and Professions Code 17200. Accordingly, the discovery in *Schofield* will be much broader than the discovery in *Glover's* action where the gravamen is only TCPA violations. *In re Abbott Labs. Similac Prods. Liab. Litig.*, 763 F. Supp.2d 1376, 77 (J.P.M.L. 2011) ("We are of the opinion that the individual facts contained in these actions will predominate over any alleged common fact questions.") (denying transfer)

Defendant has not attached the Complaint from *Virginia Johnson-Gruver v. Vercy, L.L.C.*, therefore, Defendant has failed to demonstrate that common issues of fact exist between all of the four cases at issue.

### III.   THE EQUITIES WEIGH AGAINST GRANTING THE MOTION TO TRANSFER AND CONSOLIDATE

It is long settled that 28 U.S.C. § 1407 transfer is improper if it would simply serve the movants' convenience and not the opposing parties. *E.g., In re Interstate Medicaid Patients at Good Samaritan Nursing Center*, 415 F. Supp. 389, 390 (J.P.M.L. 1976.) (court must consider inconvenience to opposing parties and their witnesses); *In re Galveston, Texas Oil Well Platform Disaster*, 322 F. Supp. 1405, 1407 (J.P.M.L. 1971) (Although transfer would serve the convenience of the four movant defendants, this factor does not outweigh the inconvenience the transfer to the Southern District of Texas would impose on the Louisiana Plaintiffs").

Here, Defendant's motion creates the presumption that it is filed only so that Defendant could avoid having to litigate the Texas and Arkansas actions in those respective Districts. Forum shopping is improper. While Defendant is a California entity with its offices in California, on paper, Defendant has presented no competent evidence that its employees and/or its evidence is located in California. Today, most evidence is electronic, especially in a TCPA case, allowing it to be accessed from anywhere. Accordingly, a transfer and consolidation of all the applicable cases in

California would not promote any judicial economy, in part, because each case is different.

Defendant fails to show that consolidating these actions in California is necessary, let alone that the need for centralization is so compelling. *See, e.g., In re Nutella Marketing and Sales Pract. Litig.*, F. Supp. 2d, 2011 WL 3648485, at *1-2 (J.P.M.L. Aug. 16, 2011) (denying transfer motion because parties failed to show "that Section 1407 centralization is necessary for the convenience of the parties or for the just and efficient conduct of this litigation at this time"); *In re Gen. Mills, Inc., Yoplus Yogurt Prods. Mktg. & Sales Prac. Litig.*, 716 F. Supp. 2d 1371, 1372 (J.P.M.L. 2010) (rejecting centralization where cases shared same defendant and "certified and putative classes will likely not overlap significantly".) While Plaintiff does not object that California is a convenient forum, Plaintiff submits that there is no good cause to consolidate all of the applicable cases for discovery and dispositive motions. Doing so would create more work and confusion for all applicable parties than what is necessary. Furthermore, Defendant's motion is devoid of whether discovery in the other actions has been started, and if so, what that has revealed.

### IV.   CONCLUSION

Based on the foregoing reasons, Plaintiff submits that Defendant's motion should be denied, and at a minimum, the matters should not be consolidated.

DATED: September 1, 2022

By: /s/ Rachel Blyumkin
Rachel Blyumkin
Attorney for Plaintiff,
Richard Glover

**PLAINTIFF RICHARD GLOVER'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER AND CONSOLIDATE ACTIONS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2022, I electronically filed the foregoing **PLAINTIFF RICHARD GLOVER'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER AND CONSOLIDATE ACTIONS** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

DATED: September 1, 2022

                                                By: /s/ Rachel Blyumkin
                                                          Rachel Blyumkin