Brent R. Phillips (SBN 235753)
Ronald A. Gorrie (SBN 180477)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant VERCY L.L.C.

**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE VERCY, L.C.C. TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | **MDL Case No.: 3049**<br><br>**VERCY, L.L.C.'S REPLY TO RICHARD GLOVER'S OPPOSITION TO VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS** |

///

///

///

///

///

///

///

///

///

///

///

**VERCY, L.L.C.'S REPLY TO RICHARD GLOVER'S OPPOSITION TO VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

VERCY, L.L.C. ("Vercy") submits the following Reply to RICHARD GLOVER'S ("Glover") Opposition to Vercy's Motion to Transfer and Consolidate for Pretrial Proceedings.

## I.

## INTRODUCTION / SUMMARY OF ARGUMENT.

Very moved pursuant to 28 U.S.C. § 1407, VERCY, L.L.C. ("Vercy") to transfer to and consolidate in the Federal District Court for the Central District of California, Southern Division four cases (the "Pending Actions"). 28 U.S.C. § 1407 sets forth three (3) factors the Judicial Panel considers when deciding whether to transfer and consolidate civil actions pending in multiple district courts. Vercy provided fact and law that establish the Pending Actions should be transferred to and consolidated in the Central District of California based on the three (3) factors in 28 U.S.C. § 1407.

Glover's Opposition provides ZERO fact or law that disputes that the Pending Actions should be transferred and consolidated in the Central District of California based on the three (3) factors in 28 U.S.C. § 1407. Glover's, instead, arise two (2) grounds to oppose Vercy's Motion to Transfer and Consolidate; yet, Glover's Opposition directly contradicts the two (2) grounds and admits the grounds raised in opposition to Vercy's Motion are flat wrong.

First, the primary factor the Judicial Panel considers when deciding whether to transfer and consolidate pending civil actions under 28 U.S.C. § 1407 is whether there exists one or more common questions of fact between the pending actions. The heading of the first legal argument raised by Glover claims that the Pending Actions do not share common questions of fact. Yet, Glover's Opposition starts out by admitting that multiple common questions of fact exist between the Pending Action based on alleged violations of the Telephone Consumer Protection Act (the "TCPA"), § 47 U.S.C. 227.[1]

Second, Glover's Opposition suggests that transfer to and consolidation of the Pending Actions in the Central District of California only serves the convenience of Vercy. Then, Glover admits that transfer and consolidation of the Pending Actions in the Central District would be

---

[1] As noted in Vercy's Motion and not disputed by Glover, the Pending Actions are entirely based on alleged violations of the TCPA.

- 1 -

**VERCY, L.L.C.'S REPLY TO RICHARD GLOVER'S OPPOSITION TO VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

convenient for him as well. In addition to Vercy and Glover, transfer to and consolidation in the Central District of California would be convenient for other parties in the Pending Action.

Accordingly, Vercy's Motion to Transfer and Consolidate the Pending Actions in the Federal District Court for the Central District of California, Southern Division pursuant to 28 U.S.C. § 1407 should be GRANTED.

## II.

## RESPONSE TO GLOVER'S ARGUMENTS.

**A. Glover Admits That The Same Common Questions Fact Exist Between The Pending Actions To Require Transfer And Consolidation Under 28 U.S.C. § 1407.**

First, 28 U.S.C. § 1407 only requires one common question of fact between the Pending Actions to warrant transfer and consolidation. Here, Glover admits that there are multiple common questions of fact between the Pending Actions based on the exact same violations of the TCPA. [Opposition, p. 1, lines 18-27].

Second, Glover alleges that common questions of fact do not exist between the Pending Actions because the *Shane Scofield v. Vercy, L.L.C.* (Central Dist. Case No. 8:22-cv-01376) case is different. This is because the plaintiff in the *Scofield* has alleged causes of action for violations of additional provisions of the TCPA not alleged by the plaintiffs in the other Pending Actions and has alleged a cause of action for violations the California Business & Professions Code, section 17200. [Opposition, p.p. 1-2]. Glover fails to recognize that additional causes of action alleged in the *Scofield* are all entirely based on violations of the TCPA. For example, the cause of action for violation of California Business & Professions Code, section 17200 is entirely based violations of the TCPA. Likewise, the additional causes of action alleged in the *Scofield* for violations of the TCPA are still obviously based on violations of the TCPA. Moreover, the plaintiff in the *Scofield* still alleges the same violations of the TCPA as alleged in the other Pending Actions based on the exact same facts as alleged in the other Pending Actions.[2]

---

[2] Glover alleges that Vercy did not attached the complaint for the case of *Virginia Johnson-Gruver v. Vercy, L.L.C.* (Eastern Dist. Arkansas Case No. 3:22-cv-00047) to its Motion to Transfer. This is incorrect. The complaint for the *Johnson-Gruver* case was attached to Vercy's Motion.

- 2 -

**VERCY, L.L.C.'S REPLY TO RICHARD GLOVER'S OPPOSITION TO VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

### B.     <u>Transfer To And Consolidation Of The Pending Actions In The Central District Of California Serves The Convenience Of Both Plaintiffs And Vercy.</u>

First, Glover starts out by arguing that transfer and consolidation is improper if transfer and consolidation would simply serve the convenience of the movant and not the opposing parties. Then, Glover contradicts this claim by acknowledging that the Central District of California is a convenient forum for his case. [Opposition, p. 3, lines 11-12]. The Central District is also a convenient forum for the *Shane Scofield v. Vercy, L.L.C.* case. This is because the *Scofield* case is also pending in the Central District.

Second, Glover argues that Vercy has offered no evidence that its employees and/or evidence are located in California. Counsel for Vercy has personal knowledge of Vercy's business operations and can testify that all its employees and evidence is located in Southern California.

Third, Glover alleges that transfer and consolidation of the Pending Actions would create more work and confusion for the parties. The exact oppose would occur were the Pending Actions transferred and consolidated for discovery and other pretrial proceedings. Transfer and consolidation would result in less work and confusion. Transfer and consolidation would prevent overlapping discovery, the potential for inconsistent rulings on discovery disputes, dispositive motions, and class certification motions under Rule 23 in the Pending Actions. The Judicial Panel has repeatedly found preventing overlapping discovery, the potential for inconsistent rulings on discovery disputes, dispositive motions, and class certification motions under Rule 23 are grounds for transfer and consolidation of civil actions pending in different district courts pursuant to 28 U.S.C. § 1407. *In re First Nat. Bank, Oklahoma (First Mortgage Revenue Bonds) Securities Litig.*, 451 F.Supp. 995, 997 (J.P.M.L. 1978); *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 405 F.Supp. 1402, 1403–04 (J.P.M.L. 1975); *In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 249 F.Supp.3d 1357, 1360 (J.P.L.M. 2017); *In re: Wright Medical Tech. Inc. v. Conserve Hip Implant Products Liability Litig.*, 844 F.Supp.2d 1371, 1372 (J.P.L.M. 2012).

///

- 3 -

**VERCY, L.L.C.'S REPLY TO RICHARD GLOVER'S OPPOSITION TO VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

## III.

## <u>CONCLUSION</u>

For the foregoing reasons and those in its moving papers, Vercy respectfully requests that the Judicial Panel grant Vercy's Motion to Transfer and Consolidate for Pretrial and transfer and consolidate the Pending Actions listed on the Schedule of Actions to the Southern Division for the United States District Court for the Central District of California.

PHILLIPS LAW CORPORATION

DATED: September 8, 2022       By: *Brent R. Phillips*
BRENT R. PHILLIPS
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendant
VERCY, LLC

- 4 -

**VERCY, L.L.C.'S REPLY TO RICHARD GLOVER'S OPPOSITION TO VERCY, L.L.C.'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**